UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARILYN L. CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-0833-DKL-WTL |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

*Entry on Judicial Review*

Marilyn L. Carpenter seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties have consented to the Magistrate Judge's jurisdiction. For the reasons that follow, the Commissioner's decision will be affirmed.

Carpenter applied for disability insurance benefits, alleging disability beginning January 1, 2009, due to chronic obstructive pulmonary disease (COPD), congestive heart failure, knee pain, back pain, and migraines. [R. 58.] The evidence regarding Carpenter's medically determinable impairments is quite limited. Nonetheless, the record establishes that she suffers from obesity and anxiety and has had pneumonia. Carpenter candidly testified at the video hearing before the Administrative Law Judge (ALJ) that she quit work because she and her husband obtained custody of their three-year-old grandson and that she could not return to work because she had to care for her three grandchildren. [R. 24, 25-28.]

After the hearing, the ALJ issued a decision, finding that Carpenter's date last insured was December 31, 2010 [R. 10]; therefore, she had to establish disability on or before that date. *See* 42 U.S.C. § 416(i)(3); *Meredith v. Bowen*, 833 F.2d 650, 652 n.1 (7th Cir. 1987). The ALJ also found that Carpenter had the medically determinable impairments of obesity, pneumonia, and anxiety, but that none of these significantly limited her ability to perform basic work activities for 12 consecutive months. Then the ALJ determined that Carpenter did not have a severe impairment or combination of impairments [R. 10] and concluded that she was not under a disability at any time from the alleged onset date through the date last insured. [R. 16.]

When reviewing the ALJ's decision, the Court determines whether it is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Having reviewed the record and the ALJ's decision, the Court concludes that the Commissioner's decision in this case must be affirmed.

In seeking judicial review, Carpenter makes one argument—that the ALJ's step 2 decision that she has no medically determinable impairment or combination of impairments that are severe was not supported by substantial evidence and was contrary to agency regulation and Social Security Ruling 85-28. All other perfunctory and undeveloped arguments and arguments not raised until Carpenter's reply brief have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"); *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the

first time in a reply brief are deemed waived"). This includes Carpenter's suggestion that the ALJ erred in acting without a medical advisor.

Furthermore, where the evidence is adequate to allow the ALJ to decide whether the claimant suffers from a severe impairment(s) and is disabled, the ALJ need not seek an opinion from a medical expert on the severity of a claimant's impairments or on the question of disability. *See, e.g.*, *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); 20 C.F.R. § 404.1527(e)(2)(iii). In this case, the evidence was adequate to allow the ALJ to determine whether Carpenter has a severe impairment or impairments and whether she is disabled under the Social Security Act. Moreover, Carpenter does not specifically identify which agency regulation the ALJ's decision allegedly contradicted. Thus, such an argument is waived as well. *See, e.g.*, *Crespo*, 824 F.3d at 673 ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Besides, the Court has reviewed the ALJ's decision in its entirety and is unaware of any social security regulation that was contradicted by that decision.

As for Social Security Ruling 85-28, that ruling concerns the step 2 determination of whether a medical impairment or combination of impairments is or are severe. Impairments are not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85–28. "A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities." *Id.* In this

3

case, the ALJ conducted such a careful evaluation. Therefore, his decision is not contrary to the social security ruling.

Lastly, Carpenter cited several cases but does not explain their relevance to her case. Thus, any argument based on those cases is waived. *See, e.g.*, *Crespo*, 824 F.3d at 673 ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Besides, those cases are distinguishable because the ALJ's determination that Carpenter's impairments are not severe, *see* 20 C.F.R. § 404.1520(c) (explaining that a severe impairment "significantly limits your physical or mental ability to do basic work activities"), is supported by substantial evidence. Despite arguing she suffered from multiple impairments that left her unable to work, Carpenter has not pointed to any evidence to establish, let alone suggest, that any of these impairments or impairments, singly or in combination, has more than a minimal effect on her ability to perform basic work activities.

For these reasons, the Commissioner's decision denying a period of disability and disability insurance benefits is affirmed. A final judgment will be entered.

DATED: 3/22/2017

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic distribution to counsel of record